IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| FREDRICK WAYNE GROGAN | § | |
| VS. | § | CIVIL ACTION NO. 1:22cv154 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Fredrick Wayne Grogan, an inmate confined at the Coffield Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background and Prior Proceedings

On August 9, 2011, following a plea of guilty before the 252nd Judicial District Court for Jefferson County, Texas, petitioner was convicted of aggravated sexual assault. Petitioner was sentenced to a term of thirty-five years' imprisonment in the Texas Department of Criminal Justice.

Petitioner appealed his conviction and sentence to the intermediate state appellate court. The appellate court affirmed the judgment of the trial court. Petitioner did not file a petition for discretionary review.

Petitioner filed one state application for writ of habeas corpus. The application was received by the Texas Court of Criminal Appeals on January 20, 2012. *See Ex parte Grogan*, WR-77,028-01 Tex. Crim. App. 2012), https://search.txcourts.gov/Case.aspx?cn=WR-77,028-01&coa=coscca&p=1. The Texas Court of Criminal Appeals denied the application without written order on February 8, 2012. *Id.*

Analysis

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), which became effective on April 24, 1996, amended 28 U.S.C. § 2244 by imposing a one-year statute of limitations for the filing of a habeas corpus petition seeking relief from a state court conviction. 28 U.S.C. § 2244(d)(1), as amended, provides in pertinent part the following:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Furthermore, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Petitioner's state application for writ of habeas corpus was denied on February 8, 2012. Assuming, *arguendo*, the application was timely filed and tolled the limitations period, petitioner's conviction became final on February 8, 2012, at the latest. Therefore, petitioner's federal petition for writ of habeas corpus was due on or before February 8, 2013. Petitioner filed this petition more than nine years after the expiration of the limitations period.

The petition is absent any allegations that exceptional circumstances existed such as to potentially warrant the application of equitable tolling. As a result, the petition for writ of habeas corpus is barred by the applicable period of limitations and should be dismissed.

Recommendation

The above-styled petition for writ of habeas corpus should be dismissed as barred by limitations.

Objections

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 20th day of April, 2022.

_____
Zack Hawthorn
United States Magistrate Judge