| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

FREDRICK WAYNE GROGAN, §
　　　　　　　　　　　　　　　　§
　　　　　Petitioner, §
　　　　　　　　　　　　　　　　§
*versus* § CIVIL ACTION NO. 1:22-CV-154
　　　　　　　　　　　　　　　　§
DIRECTOR, TDCJ-CID, §
　　　　　　　　　　　　　　　　§
　　　　　Respondent. §

**MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Fredrick Wayne Grogan, an inmate confined at the Coffield Unit, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends dismissing the petition as barred by limitations.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings and all available evidence. Petitioner filed objections to the magistrate judge's Report and Recommendation.

The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes petitioner's objections are without merit.

In his objections, petitioner asserts he has been labeled as a special needs inmate, and he refers to incidents during 2007 and 2008 in which he requested help with his treatment and mental capacity. The limitations period in this action, however, did not expire until February 8, 2013. In this case, because petitioner has not shown unconstitutional state action prevented him from filing his petition during the limitations period, he has not demonstrated he is entitled to an alternate commencement date, or statutory tolling, under 28 U.S.C. § 2244(d)(1)(B). Further, petitioner's claims do not relate to a constitutional right recognized by the Supreme Court within

the last year and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). Finally, petitioner has not shown that the factual predicate of his claim was unknown or could not have been discovered with due diligence prior to the time his conviction became final. 28 U.S.C. § 2244(d)(1)(D).

Liberally construed, petitioner's objections are interpreted as a request for equitable tolling. In *Holland v. Florida*, 560 U.S. 631 (2010), the Supreme Court held that § 2244(d) is subject to equitable tolling in appropriate cases. The Court stated that "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id*. at 649. *Holland* defines "diligence" for these purposes as "reasonable diligence, not maximum feasible diligence." *Id*. at 653. The Fifth Circuit has explained that "equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights, and noted that excusable neglect does not support equitable tolling." *Ott v. Johnson,* 192 F.3d 510, 513-514 (5th Cir.1999), *cert. denied,* 529 U.S. 1099, 120 S.Ct. 1834, 146 L.Ed.2d 777 (2000). Neither "a [party's] unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir. 1999). Further, "equity is not intended for those who sleep on their rights." *Fisher v. Johnson,* 174 F.3d 710, 715 (5th Cir. 1999).

Although mental incompetency may support a claim for equitable tolling in certain circumstances, a petitioner must show that the mental illness prevented him from pursuing his legal rights during the limitations period. *Fisher v. Johnson*, 174 F.3d 710, 715-16 (5th Cir. 1999). As set forth in the Report, petitioner exceeded the one-year limitations period in this case by more than nine years. Petitioner has not explained the excessive delay in this case nor has he shown that his mental illness prevented him from pursuing his legal rights during the nine-year period. Petitioner has failed to demonstrate either the existence of an extraordinary circumstance

or that he pursued his habeas remedy with the diligence and alacrity required to permit equitable tolling.  Accordingly, petitioner's petition for writ of habeas corpus is barred by limitations.

Additionally, the petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability.  *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b).  The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the petitioner to make a substantial showing of the denial of a federal constitutional right.  *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982).  In making that substantial showing, the petitioner need not establish that he should prevail on the merits.  Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further.  *See Slack*, 529 U.S. at 483-84.  Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination.  *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, the petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason.  The factual and legal questions advanced by the petitioner are not novel and have been consistently resolved adversely to his position.  In addition, the questions presented are not worthy of encouragement to proceed further.  Thus, the petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability.  Therefore, a certificate of appealability shall not be issued.

## ORDER

Accordingly, the petitioner's objections are **OVERRULED**.  The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is

**ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

SIGNED at Beaumont, Texas, this 4th day of October, 2022.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE