| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| FREDRICK WAYNE GROGAN, § | |
| § | |
| Petitioner, § | |
| § | |
| *versus* § | CIVIL ACTION NO. 1:22-CV-154 |
| § | |
| DIRECTOR, TDCJ-CID, § | |
| § | |
| Respondent. § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Fredrick Wayne Grogan, an inmate currently confined at the Coffield Unit, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### Discussion

On October 24, 2022, the court dismissed the above-styled petition as barred by limitations. Petitioner has filed a motion to alter or amend judgment (#9). This memorandum considers such motion.

### Analysis

FED. R. CIV. P. 59 provides in pertinent part the following:

(a)(1) *Grounds for New Trial*. The court may, on motion, grant a new trial on all or some of the issues - and to any party - as follows:

   (A)  after a jury trial, for any of reason for which a new trial has heretofore been granted in an action at law in federal court; or

   (B)  after a non jury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.

(2) *Further Action After a Nonjury Trial*. After a nonjury trial the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.

(e) Motion to Alter or Amend Judgment. A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.

As petitioner's motion was filed within 28 days of the judgment, the motion is timely under Rule 59. Petitioner contends the court erred in not addressing his lack of mental comprehension

and the alleged denial of a fair trial. The court, however, did not address the merits of the petition because the petition is barred by limitations. As set forth in the Report and Memorandum Order, petitioner's petition for writ of habeas corpus was filed more than nine years too late, and petitioner failed to set forth either an extraordinary circumstance which prevented him from pursuing his claims or facts showing the diligent pursuit of his habeas remedies in order to support a claim for equitable tolling. Thus, the petition is barred by limitations.

After careful consideration of petitioner's motion to alter or amend judgment, the court is of the opinion that petitioner's motion fails to set forth a meritorious ground warranting relief from the judgment. Accordingly, petitioner's motion should be denied.

## ORDER

For the reasons set forth above, petitioner's motion to alter or amend judgment should be denied. It is therefore

**ORDERED** that petitioner's motion to alter or amend judgment (#9) is **DENIED**.

SIGNED at Beaumont, Texas, this 7th day of September, 2023.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE